DLD-178                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1267
_____

JONATHAN BROWNLEE,
Appellant

v.

KEITH HEARNS; ROBERT COMINE;
UNITED STATES OF AMERICA; KAREN HUNT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 18-cv-01425)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2019
Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed:  August 19, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jonathan A. Brownlee III appeals from orders of the District Court dismissing his complaint with prejudice pursuant to § 1915A and denying reconsideration. For the reasons that follow, we will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Brownlee, an inmate, filed a civil rights complaint against the United States and several U.S. Probation Officers, along with an in forma pauperis application, in the United States District Court for the Middle District of Pennsylvania. The complaint consisted only of pages one and two of an eleven-page form complaint, and quite literally did not set forth a short and plain statement, Fed. R. Civ. P. 8(a), of a violation of some right guaranteed by the Constitution or laws of the United States.[1] In a letter attached to the complaint, Brownlee stated that "PART 2" of his complaint would be mailed separately, and that he also was mailing a "total of 4 separate Civil Rights Violation Complaints." The Magistrate Judge granted Brownlee leave to proceed in forma pauperis but recommended that the complaint be dismissed without further leave to amend pursuant to § 1915A, which directs the court to screen in forma pauperis complaints for cognizable claims.

Brownlee filed Objections to the Report and Recommendation, along with several other items, explaining that pages three through eleven of his complaint and certain

---

[1] Page one of the form complaint concerned the case caption and page two concerned the parties to the case. Neither page provided space for stating the allegations or factual basis for the proposed claims.

additional supporting documents had been returned to him for insufficient postage. In view of this assertion of an incomplete complaint, the District Court dismissed Brownlee's complaint without prejudice and granted him leave to file an amended complaint within fourteen days. The District Court advised Brownlee that failure to file an amended complaint within this time period would result in dismissal of his complaint without prejudice. See Docket Entry No. 15.

When Brownlee failed to file an amended complaint, the District Court dismissed his original complaint with prejudice pursuant to § 1915A. See Docket Entry No. 16. Brownlee then timely filed a motion for reconsideration, Fed. R. Civ. P. 59(e), asserting that he was unable to receive mail while in transit from a county correctional facility to a federal correctional facility, and seeking another opportunity to amend his complaint. Because the District Court's prior order had in fact been returned to the District Court Clerk's Office as undeliverable, the District Court granted Brownlee's motion for reconsideration, reopened the civil action, and granted Brownlee another fourteen days in which to file his amended complaint. See Docket Entry No. 22.

When Brownlee failed to file an amended complaint, the District Court, in an order entered on November 15, 2018, dismissed his complaint with prejudice pursuant to § 1915A. Brownlee timely filed a motion for reconsideration, arguing, in pertinent part, that he should be given additional time to file an amended complaint because he had received no direction with respect to how his complaint should be amended. In an order

3

entered on November 28, 2018, the District Court denied reconsideration, rejecting Brownlee's arguments as meritless. After filing more motions for reconsideration, all of which were denied, Brownlee filed a timely notice of appeal on January 28, 2019, see Fed. R. App. P. 4(a)(1)(B) (providing for 60 days to appeal where United States is party); Fed. R. App. P. 26(a)(1)(C).

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our Clerk granted Brownlee leave to appeal in forma pauperis and advised him that the appeal would be submitted to this Court for a determination under 28 U.S.C. § 1915(e)(2)(B)(i) as to whether the appeal is frivolous. The parties were invited to submit argument. Brownlee has filed a "Motion Requesting Exemption from Supervised Release Pending Disposition of Lawsuit." He has also filed a brief in support of this motion, which contains an additional "Motion Requesting Court to Obtain House Deed Pending Final Disposition of Lawsuit."

Section 1915(e)(2)(B)(i) requires dismissal of an appeal if the appeal is frivolous. An appeal is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). By his own admission, Brownlee's original complaint was incomplete. The District Court gave Brownlee ample opportunity to amend his complaint and he failed to do so. Moreover, the Magistrate Judge's Report and Recommendation carefully explains the pleading standards set forth in Rule 8(a), Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), Jordan v. Fox, Rothschild,

4

O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  Brownlee thus had direction from the court with respect to how to state a claim upon which relief may be granted, see Fed. R. Civ. P. 12(b)(6).  In sum, Brownlee had an adequate opportunity to either provide the Court with the missing pages of his original complaint, or provide the Court with an amendment which set forth a short and plain statement of a violation of a right guaranteed by the Constitution or laws of the United States.

For the foregoing reasons, we will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Brownlee's motions are denied.